Colón Birriel, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
Práxedes Lara Vázquez (el “apelante”) solicita la revocación de la Sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas, (el “TPF) en el caso Valentín Vega Tirado v. Práxedes Lara Vázquez y otros, Civil Núm. ECD2002-0917, sobre: cobro de dinero e incumplimiento de contrato, el 11 de junio de 2003, notificada el 19 de junio. El TPI, en reconsideración, declaró Ha Lugar una sentencia sumaria presentada por el demandante Valentín Vega Tirado (el “apelado”), desestimó una Reconvención del apelante y condenó a éste al pago de ciertas sumas de dinero, sus intereses legales y las costas del procedimiento. Por su parte, el apelado *693 presentó su alegato.
Resolvemos con el beneficio de la comparecencia de las partes, no sin antes exponer, en lo pertinente, el trasfondo procesal de lo acaecido.
II
El apelante era el dueño y titular registral del vehículo de motor marca MG del año 1977, tablilla OPR-089 y marbete 10510006. Al 7 de septiembre de 1990, el apelado poseía como concesionario el permiso de la Comisión de Servicio Público de Puerto Rico para las tablillas de excursión turística OP-4434 y OP-4421.
El 26 de septiembre de 1990, el apelado y el apelante se reunieron en la oficina del Notario Público, Ledo. Juan Navarro, y suscribieron y reconocieron tres (3) contratos bajo “affidavits”, a saber: a) Contrato de Compraventa (Aff. Núm. 53854); b) Contrato de Arrendamiento (Aff. Núm. 53855); y c) Acuerdo (Aff. Núm.53856).
En cuanto al Contrato de Compraventa, del cual el apelante no acompañó copia, solamente una certificación suscrita el 5 de febrero del 2003, por el Notario Público Juan A. Navarro, el referido notario certificó, que en sus libros de “affidavits” consta bajo el número 53854, que el 26 de septiembre de 1990, se suscribió un contrato entre el apelante como el vendedor y el apelado como el comprador. Mediante el referido contrato se le transfirió al apelado el vehículo de motor marca MG año 1977, tablilla OPR-089.
En el Contrato de Arrendamiento se acordó que el apelado cedería en arrendamiento al apelante por el período de dos (2) años comenzando el 1ro. de octubre de 1990 con vencimiento el 30 de septiembre de 1992, los permisos que se expidieran para operar excursiones turísticas. Estipularon un canon de arrendamiento de $200.00 semanales; el apelante tenía que cumplir con un sinnúmero de obligaciones, entre otras: 1) el pago del seguro anual del vehículo, 2) estar autorizado a conducir vehículos pesados para fines turísticos; y 3) que el vehículo tuviera un seguro de protección de responsabilidad pública. Además, se pactó que los permisos serían transferidos al vehículo MG-1977, marbete 1051006, tablilla OPR-089. Surge de las cláusulas sexta y séptima del contrato que las partes acordaron expresamente lo siguiente:
“ — SEXTO: - Aunque el título del vehículo ha sido transferido a nombre del arrendador (el apelado), éste reconoce que dicho vehículo pertenece al arrendatario (el apelante), bajo cuya posesión se encuentra el mismo, quién asume los gastos de reparaciones sean ordinarias o extraordinarias. (Añadido nuestro)
—SÉPTIMO: - Al vencimiento del contrato, de no prorrogarse o renovarse el mismo, el título del vehículo revertirá al arrendatario (el apelante) y los permisos para operar al arrendador (el apelado).” (Añadido nuestro).
Por último, en el Acuerdo suscrito y reconocido por el apelante y el apelado el 26 de septiembre de 1990, junto a sus respectivas esposas, Asunción Rodríguez Rodríguez y Gloria María Meléndez de Vega, se especificó que: 1) el apelante transfirió el vehículo de motor marca MG-1977, tablilla OPR-089, marbete 1051006, al apelado; 2) reconocieron que el título del referido vehículo le pertenecía al apelante porque no existió consideración alguna para formalizar la transferencia; 3) el vehículo continuaría registrado en el Departamento de Transportación y Obras Públicas a favor del apelado mientras estuviere vigente el contrato de arrendamiento formalizado entre las partes; 4) al vencimiento del contrato de arrendamiento el apelado, sus sucesores o causahabientes transferirían el título del vehículo al apelante, sus sucesores o causahabientes; y 5) el permiso para operar excursiones turísticas sería entregado al apelado, sus sucesores o causahabientes. 
Al finalizar el contrato de arrendamiento, el apelante puso a disposición del apelado la tablilla de excursión turística, pero como esté no tenía vehículo donde colocarla, le solicitó al apelante que la conservara. El 28 de *694 diciembre de 1993, el apelante le entregó la tablilla de excursión turística al Sr. Roberto Vega, hijo del apelado. A su vez, alegadamente el apelante le solicitó al apelado en innumerables ocasiones que traspasara el título del vehículo marca MG-1977, tablilla OPR-089 nuevamente a su nombre a lo que el apelado se negó.
El 7 de marzo de 1996, el apelante radicó una querella ante la Comisión de Servicio Público, la que se identificó: Práxedes Lara Vázquez v. Valentín Vega Tirado, caso núm. QT-96-24, sobre: querella de transportación.
El 3 de julio de 1996, el TPI dictó Sentencia desestimando una demanda presentada en el extinto Tribunal Superior, Sala de Caguas, en el caso CD1994-0522, sobre Cobro de Dinero e Incumplimiento de Contrato (siendo las mismas partes y el mismo asunto), por falta de jurisdicción, e indicó que agotados los trámites administrativos entonces, podría recurrirse a la vía judicial de acuerdo al procedimiento correspondiente. La controversia planteada fue atendida por la Comisión de Servicio Público en el caso QT-96-24, donde el apelante era el querellante y el apelado era el querellado. 
En septiembre de 1996, por Orden de la Comisión de Servicio Público, el apelado traspaso el título del vehículo MG-1977, tablilla OPR-089 a nombre del apelante.
El 2 de octubre de 2001, la Comisión de Servicio Público emitió Resolución y Orden en el caso Práxedes Lara Vázquez v. Valentín Vega Tirado. En consecuencia, determinó que existía causa de acción contra el apelado, le impuso una multa administrativa de $300 por infringir el Artículo 38(f) y (o) de la Ley 109 del 28 de junio de 1962, conocida como la Ley de Servicio Público de Puerto Rico, al no informar a dicha Comisión sobre el referido Contrato de Arrendamiento. La Resolución y Orden no fue apelada, por lo que se convirtió en final y firme.
El 13 junio de 2002, se presentó la demanda por cobro de dinero e incumplimiento de contrato que da curso a la Sentencia apelada. El 21 de junio de 2002, el apelante presentó escrito titulado Contestación a la Demanda y Reconvención. El 30 de agosto de 2002, el apelado contestó la reconvención.
El 18 de octubre de 2002 se celebró Vista de Estado de los Procedimientos y señaló la Conferencia con Antelación al Juicio para el 13 de febrero de 2003, la que se celebró en el día indicado.
El 4 de marzo de 2003, el apelante presentó una Moción de Sentencia Sumaria, y por su parte, el 3 de abril de 2003, el apelado presentó su Moción en Oposición a que se dictara Sentencia Sumaria. El 9 de mayo de 2003, se notificó la orden de 29 de abril de 2003, declarando No Ha Lugar la moción de Sentencia Sumaria. El 27 de mayo de 2003, el apelante radicó escrito titulado Moción en Solicitud se Expongan las Determinaciones de Hechos Materiales y el Derecho Aplicable en Orden emitida en 29 de abril de 2003. El 11 de junio de 2003, notificada el 19 de junio, el TPI dictó la Sentencia objeto del recurso. Inconforme, el apelante señala que erró el TPI al resolver el caso mediante Sentencia Sumaria sin la celebración de un juicio en su fondo y que el contrato en el cual basaron las partes para sus reclamaciones era uno ilícito.
III
El concepto de cosa juzgada surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final, con el resultado de que tal determinación es concluyente en el segundo pleito entre las mismas partes, aunque estén implicadas causas de acciones distintas. A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753, 762 (1981). El efecto de cosa juzgada significa que las partes tienen que considerar los puntos discutidos como definitivamente resueltos, y no pueden volver nuevamente sobre éstos. Igaravidez v. Ricci, 147 D.P.R. 1 (1998). La doctrina de cosa juzgada y sus modalidades persiguen como propósito proteger a los litigantes de las molestias que supone litigar en repetidas ocasiones la misma controversia, promover la economía judicial y administrativa al evitar litigios innecesarios y evitar *695 decisiones inconsistentes. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212, 218-219 (1992).
Por su parte, en lo pertinente, el Código Civil de Puerto Rico dispone en su art. 1024, 31 L.P.R.A. § 3343, que:

Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.

En Pagán Hernández v. U.P.R., 107 D.P.R. 720, 732 (1978), nuestro Tribunal Supremo cita:
“Como señala Manresa: “ ...el fundamento de la cosa juzgada no está en una pretensión de infalibilidad en el juzgador, ni menos en el intento de ocultar sus errores, sino que se encuentra en la esencia misma de la resolución judicial, que no merecería tal nombre ni tendría fuerza y resultado, si no se fortaleciera de ese modo. Es por tanto, una consecuencia directa de la autoridad necesaria al fallo, y en un orden eminentemente práctico tiene el fundamento indiscutible de que sin esa fuerza atribuida a lo juzgado, los pleitos nunca tendrían fin...”. Manresa, Comentarios al Código Civil Español, Tomo VIII, Vol. 2, Madrid, ed. 1967, pág. 279.
Así pues, para que las doctrinas de cosa juzgada e impedimento colateral por sentencia, apliquen a un caso posterior, se requiere que previamente exista una sentencia final y firme que adjudique la reclamación en los méritos y que haya sido dictada con jurisdicción por el foro pertinente. P.R.T.C. v. Unión Indep. Emp. Telefónicos, 131 D.P.R. 171, 193 (1992).
Se ha señalado que son varios los criterios sugeridos para determinar qué es una causa de acción para propósitos de la doctrina de cosa juzgada; entre estos: a) si el mismo derecho ha sido infringido por la misma violación; b) si hay una identidad tal que una sentencia diferente en la segunda acción destruiría o afectaría derechos e intereses establecidos por la primera sentencia; c) identidad de fundamentos; y d) si la misma evidencia sostendría ambas sentencias. Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 951 (1972).
En el ámbito administrativo, la defensa de cosa juzgada tiene varias vertientes, a saber: dentro de la misma agencia a sus propias decisiones; interagencialmente, es decir, de una agencia a otra y entre las agencias y los tribunales. Rodríguez Oyóla v. Machado Díaz, 136 D.P.R. 250, 253 (1994); Pagán Hernández, 107 D.P.R. a la pág. 733.
Bajo esta doctrina se han reconocido dos modalidades: la figura de impedimento colateral por sentencia y el fraccionamiento de la causa de acción. El impedimento colateral por sentencia surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final, con el resultado de que tal determinación es concluyente en el segundo pleito entre las mismas partes, aunque estén implicadas causas de acción distintas. A & P Gen. Contractors, 110 D.P.R. a la pág. 762. La figura del fraccionamiento de la causa de acción postula que si un demandante tiene varias reclamaciones que surjan de un mismo evento contra un mismo demandado y radica una o más de esas reclamaciones contra ese demandado, se le aplicará la doctrina de cosa juzgada por fraccionamiento si después de terminado el primer pleito intenta radicar en otro pleito distinto la reclamación que no radicó originalmente. Ramos González v. Félix Medina, 121 D.P.R. 312, 332 (1988); Zambrana v. Tribunal Superior, 100 D.P.R. 179, 181 (1971); Valcourt v. Iglesias, 78 D.P.R. 630, 645 (1955). Esencialmente, la doctrina persigue que en un sólo litigio se obtengan los remedios a que tengan derecho las partes; impidiendo así el fraccionamiento de la causa de acción que comprende reclamos al amparo de *696 teorías legales distintas. Ramos González, 121 D.P.R. a las págs. 339-340. Poco importa si los pleitos sucesivos se originan bajo leyes diferentes, ya que puede existir una sola causa de acción, aunque ambos pleitos se invoquen bajo distintas leyes. Lo importante no es la ley en la que se funda la reclamación, sino la causa o razón para reclamar, es decir, el asunto planteado.
Es doctrina reiterada que los derechos y obligaciones adjudicados en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso. In re: Tormos Blandino, 135 D.P.R. 573, 578 (1994), citando a U.S.I. Properties Inc. v. Registrador, 124 D.P.R. 448, 468 (1989). Lo mismo aplica en los foros administrativos. Infanzón v. Admor. Estabilización Econ., 84 D.P.R. 459,467 (1962).
La determinación de la Comisión de Servicio Público es final y firme. El apelante está intentando relitigar un dictamen que ya es final y firme, por lo que su reclamo es improcedente. Sería procedente sólo si la causa del contrato realmente fuera una ilícita.
En cuanto a esto, el Artículo 1207 de nuestro Código Civil, 31 L.P.R.A. § 3372, consagra el principio de libertad de contratación al disponer que: "los contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, ni al orden público". El contrato nace desde que concurren tres requisitos, a saber: (1) consentimiento de los contratantes; (2) objeto cierto que sea materia del contrato, y (3) causa de la obligación que haya sido establecida, Artículo 1213 del Código Civil, 31 L.P.R.A. § 3391.
Con relación al requisito de causa, el Artículo 1227 del mismo Código establece que los contratos sin causa, o con causa ilícita, no producen efecto alguno. La causa es ilícita cuando ésta "se opone a las leyes o la moral", 31 L.P.R.A. § 3432. Es decir, no existe contrato sin causa o cuando ésta es ilícita. Una vez determinada la ilicitud de la causa, el contrato es nulo e inexistente, Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172, 181-182 (1985).
Hay dos tipos de causa ilícita: la causa ilegal, que es contraria a las leyes, y la causa inmoral, llamada también "causa torpe", que es contraria a la moral y a las buenas costumbres. La causa será ilícita no sólo cuando el contrato en sí mismo sea prohibido, sino cuando el mismo sea un intento de ocasionar un daño o perjuicio o de cometer un fraude, Denis, Metro Invs. v. City Fed. Savs., 121 D.P.R. 197, 217 (1988).
Al examinar las Leyes y Reglamentos aplicables al contrato de arrendamiento en cuestión, concluimos que la causa del contrato no es ilícita, por lo que el contrato es válido y no nulo “ab-initiola decisión de la Comisión de Servicio Público es final y firme.
El TPI en la Sentencia apelada basa su determinación en la Resolución y Orden de la Comisión de Servicio Público que, en lo pertinente, transcribimos:

“Revisado el expediente CD1994-0522, del cual tomamos conocimiento judicial, en el que como mencionáramos anteriormente, se radicó en el Tribunal inicialmente la presente Demanda, del mismo surge copia de la Querella Núm. 96-24 radicada por el Sr. Práxedes Lara en la Comisión de Servicio Público, que inicio y dio base a la Resolución y Orden de dicha Comisión con fecha de 2 de octubre de 2001. Del texto de la querella, surge el planteamiento de la ‘ilegalidad’ del Contrato de Arrendamiento, por alegadamente violar las normas de la Comisión. ”

Como hemos visto, la Comisión de Servicio Público atendió la querella, tomó conocimiento de los “acuerdos” anteriores entre las partes y no decretó la nulidad del Contrato de Arrendamiento.
Ya decidido que el contrato de arrendamiento era válido, actuó correctamente el TPI al dictar su Sentencia (sumaria) de 11 de junio de 2003. Sabido es que la sentencia sumaria es un mecanismo procesal extraordinario y *697 discrecional, que procede cuando la parte promovente le demuestra al tribunal que no existe necesidad de que se celebre una vista evidenciaría del caso en su fondo. Medina v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716, 726 (1994). Solamente debe ser dictada “en casos claros, cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes. ” Jusino Figueroa v. Walgreens of San Patricio, Inc., Op. de 1 de noviembre de 2001, 2001 J.T.S. 154, 374; PFZ Properties, Inc. v. General Accident Insurance Co., 136 D.P.R. 881, 911-912 (1994); Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, 117 D.P.R. 714, 720-721 (1986). Véase además, Rivera Báez v. Jaume Andújar, Op. de 28 de junio de 2002, 2002 J.T.S. 107, 1526; Santiago Rivera v. Ríos Alonso, Op. de 7 de febrero de 2002, 2002 J.T.S. 21.
Su propósito es “propiciar la solución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, y que por lo tanto no amerita la celebración de un juicio en su fondo”. Pilot Life Ins. Co. v. Crespo Martínez, 136 D.P.R. 624, 632 (1994); Hernández Villanueva v. Hernández, Op. de 27 de enero de 2000, 2000 J.T.S. 26, 608. Además, se ha señalado que el fin de la sentencia sumaria es aligerar la tramitación de un caso, permitiendo que se dicte sentencia sin celebrar una vista en los méritos, cuando de documentos no controvertidos surge que no existen controversias de hechos, sino que lo que resta es aplicar el derecho. Corp. Presiding Bishop C.J.C. of L.D.S., 117 D.P.R. en la pág. 720. Véase además, Jusino Figueroa, 2001 J.T.S. 154, en la pág. 373; PFZ Properties, Inc., 136 D.P.R.; Caquías v. Asoc. Res. Mansiones Río Piedras, 134 D.P.R. 181 (1993).
Un Tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede, PFZ Properties, Inc., 136 D.P.R. en la pág. 913-914; Corp. Presiding Bishop C.J.C. of L.D.S., 117 D.P.R. en las págs. 722-723; Cuadrado Lugo, 126 D.P.R. en la pág. 280.
Determinamos que en el presente caso no existe controversia en cuanto a los hechos esenciales, por lo que actuó correctamente el TPI al declarar Ha Lugar la moción de sentencia sumaria del apelado.
En mérito a lo expuesto, confirmamos la Sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas, (el “TPF) en el caso Valentín Vega Tirado v. Práxedes Lara Vázquez y otros, emitida el 11 de junio de 2003.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIOS 2004 DTA 6
1. Escrito de Apelación, Informe sobre Conferencia con Antelación al Juicio, Certificación, Apéndice a la pág. 43.
2. Id., Contrato de Arrendamiento, Apéndice a las págs. 44-45.
3. Id., Acuerdo, Apéndice a las págs. 46-47.
4. Escrito de Apelación, Sentencia, Apéndice a la pág. 3.