Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Jesús A. León Tricoche<br><br>Peticionario<br><br>vs.<br><br>Pedro Santos Echevarría y otros<br><br>Recurridos | KLCE202400342 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: PO2019CV03872 (602)<br><br>Sobre: Violación de Derecho Civiles |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de abril de 2024.

Comparece ante nos, el señor Jesús A. León Tricoche (Sr. León Tricoche o peticionario), quien presenta recurso de *Certiorari* en el que solicita la revocación de la "Orden" emitida el 13 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante este dictamen, el foro primario declaró No Ha Lugar la solicitud hecha por el peticionario, a los efectos de que se le asignara abogado de oficio.

Cabe recalcar que, el Sr. León Tricoche sometió una "Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia" (*In Forma Pauperis*), la cual está debidamente cumplimentada y, tomando en consideración su condición de confinado, evaluada la misma, se acepta y aprueba a los únicos efectos de este recurso, debido al resultado que hemos llegado.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración,

---

[1] Notificada el 21 de febrero de 2024.

Número Identificador

SEN2024 _____

expedimos el auto de *Certiorari* y confirmamos la "Orden" recurrida, por los fundamentos que expondremos a continuación.

**I.**

El 7 de noviembre de 2019, el Sr. León Tricoche presentó una "Demanda" por daños y perjuicios contra varios funcionarios del Departamento de Corrección y Rehabilitación. En esencia, alegó que estos funcionarios estaban incumpliendo las normas y reglamentos institucionales, causándole daños físicos y emocionales en el proceso. Por ello, reclamó una indemnización de $400,000.00.

Tras varias incidencias procesales, el 10 de noviembre de 2022, el Sr. León Tricoche solicitó se le asignara representación legal.[2] Posteriormente, el 28 de noviembre de 2022,[3] el foro primario emitió una "Orden", y le solicitó acreditar las gestiones efectuadas para conseguir abogado.[4] En cumplimiento con dicha orden, el 23 de diciembre de 2022, el peticionario presentó un escrito informando que, a parte de la moción que radicó, no había hecho gestión adicional para contratar representación legal.[5]

Así las cosas, el 14 de agosto de 2023, el Sr. León Tricoche presentó otro escrito, y reiteró su solicitud de que se le asignara abogado.[6] Evaluada su moción, el 23 de agosto de 2023,[7] el foro *a quo* emitió una "Orden", y declaró No Ha Lugar la solicitud hecha por el peticionario. Fundamentó su determinación en que "la causa de acción por daños y perjuicios no está incluida en las causales aplicables para la asignación de abogado de oficio, según el reglamento aplicable".[8]

---

[2] Véase, "Moción Solicitando Representación Legal"; SUMAC entrada 38.
[3] Notificada ese mismo día.
[4] Véase, SUMAC entrada 40.
[5] Véase, "Moción Informativa Contestando y Solicitando Representación Legal"; SUMAC entrada 44.
[6] Véase, "Moción Solicitando Representación Legal"; SUMAC entrada 44.
[7] Notificada en igual fecha.
[8] Véase, SUMAC entrada 54.

Sin embargo, el 23 de octubre de 2023, el Sr. León Tricoche informó que, a pesar de haber solicitado representación legal, no había recibido respuesta alguna por parte del Tribunal.[9]  Por motivo de lo anterior, el 10 de noviembre de 2023,[10] el foro recurrido emitió una "Orden", y dispuso que:

> *El 23 de agosto de 2023 el Tribunal emitió una determinación a su solicitud de asignación de abogado de oficio, declarando No Ha Lugar., por motivo de que la causa de acción de daños y perjuicios no está incluida en las causales aplicables para la asignación de abogado de oficio, según el reglamento aplicable.*

Así las cosas, el 27 de diciembre de 2023, el peticionario solicitó, nuevamente, la asignación de representación legal para hacer valer sus derechos.[11]  Atendida su petición, el 8 de febrero de 2024,[12] el foro recurrido emitió una "Orden", y expresó lo siguiente: "Véase Orden del 10 de noviembre de 2023".[13]

Finalmente, el 12 de febrero de 2024, el Sr. León Tricoche presentó una "Moción Informativa" en la cual reseñó las gestiones realizadas para conseguir representación legal.  A su vez, solicitó, por cuarta ocasión, que se le asignara abogado.  Al día siguiente, entiéndase, el 13 de febrero de 2024,[14] el Tribunal de Primera Instancia emitió una "Orden", y declaró No Ha Lugar su pedido.

Inconforme, el Sr. León Tricoche recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

> *Erró el Tribunal de Primera Instancia al denegarle al recurrente una representación legal adecuada para asegurarse que se cumplan con todas las disposiciones del proceso civil en el caso de demanda habiéndose demostrado la incapacidad propia del peticionario para asumir una representación legal privada y habiendo hecho todas las gestiones pertinentes para solicitar asistencia legal por su cuenta propia.*

---

[9] Véase, "Moción Informativa Urgente"; SUMAC entrada 55.
[10] Notificada ese mismo día.
[11] Véase, "Moción Solicitando Representación Legal"; SUMAC entrada 58.
[12] Notificada el 9 de febrero de 2024.
[13] A nuestro juicio,
[14] Notificada el 21 de febrero de 2024.

**II.**

Es doctrina reiterada que "[l]os derechos y obligaciones adjudicadas en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso". *In re Tormos Blandino*, 135 DPR 573, 578 (1994). Por lo que, como norma general, aquellos derechos y responsabilidades que hayan sido adjudicados están impedidos de reexaminarse, pues éstos gozan de finalidad y firmeza. *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 606-607 (2000). De esta forma, se cumplen los siguientes propósitos: (1) se garantiza la sana práctica de que el juzgador no alterare sus pronunciamientos dentro de un mismo caso, (2) promueve el trámite ordenado y expedito de los litigios, y (3) asegura que las partes puedan proceder sobre unas directrices confiables y certeras. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200-201 (2020).

El criterio esencial para que pueda invocarse esta doctrina es que la decisión sea final. De ser así, tanto el juez como las partes quedan sujetas a las órdenes previas que se han efectuado durante el transcurso del pleito. *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005). Ahora bien, este mandato no es inflexible ni absoluto, pues, a modo de excepción, si la ley del caso es errónea y puede causar una gran injusticia, el tribunal puede emplear una norma de derecho distinta. *Íd.*, a la pág. 844. Por lo que, en estas circunstancias, la decisión puede ser descartada con el fin de resolver en forma justa. *Don Quixote Hotel v. Tribunal Superior*, 100 DPR 19, 29-30 (1971).

**III.**

Según revela el tracto procesal ya discutido, el Sr. León Tricoche peticionó, en varias ocasiones, que se le asignara representación legal. Con motivo de lo anterior, el **23 de agosto**

**de 2023**,[15] el Tribunal de Primera Instancia emitió una "Orden", y declaró No Ha Lugar su solicitud, bajo el fundamento de que "la causa de acción por daños y perjuicios no está incluida en las causales aplicables para la asignación de abogado de oficio, según el reglamento aplicable".[16]

Aunque, posteriormente, el peticionario informó no haber recibido respuesta alguna por parte del Tribunal, el **10 de noviembre de 2023**,[17] el foro recurrido emitió otra "Orden", y dispuso lo siguiente:

> *El 23 de agosto de 2023 el Tribunal emitió una determinación a su solicitud de asignación de abogado de oficio, declarando No Ha Lugar., por motivo de que la causa de acción de daños y perjuicios no está incluida en las causales aplicables para la asignación de abogado de oficio, según el reglamento aplicable.*

**El Sr. León Tricoche no solicitó la reconsideración de ninguna de estas determinaciones**, **y tampoco solicitó su revisión ante este Tribunal de Apelaciones**. **En consecuencia**, **ambos dictámenes son final y firme**.

No obstante, el 27 de diciembre de 2023, el peticionario solicitó, nuevamente, que se le asignara representación legal. Por esta razón, el 8 de febrero de 2024,[18] el foro primario emitió una "Orden", y expresó lo siguiente: "**Véase Orden del 10 de noviembre de 2023**". (Énfasis nuestro).

Ante el hecho de que el Sr. León Tricoche volvió a insistir en su solicitud de que se le asignara abogado, el **13 de febrero de 2024**,[19] el Tribunal de Primera Instancia emitió una "Orden", y declaró No Ha Lugar su petitorio. **Es de esta determinación que el peticionario recurre ante nos**.

Cónsono con el derecho discutido en el acápite anterior, los derechos y responsabilidades que hayan sido adjudicados están

---

[15] Notificada ese mismo día.
[16] Véase, SUMAC entrada 54.
[17] Notificada ese mismo día.
[18] Notificada el 9 de febrero de 2024.
[19] Notificada el 21 de febrero de 2024.

impedidos de reexaminarse, pues éstos gozan de finalidad y firmeza. Esto implica que, tanto el juez como las partes quedan sujetas a las órdenes previas que se han efectuado durante el transcurso del pleito. A modo de excepción, si la ley del caso es errónea o puede causar una gran injusticia, el tribunal puede emplear una norma de derecho distinta. Empero, ésta no es la situación ante nos. Por el contrario, concluimos que la ley del caso es correcta y no causa la más mínima injusticia.

**En resumen**, **la determinación en cuanto a que no procede la asignación de abogado de oficio es un asunto que ya fue evaluado y resuelto**. **Por gozar de finalidad y firmeza**, **constituye ley del caso y estamos impedidos de reexaminarlo**. De esta forma, actuó correctamente el Tribunal de Primera Instancia al declarar No Ha Lugar la "Moción Informativa" presentada por el peticionario.

### IV.

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* solicitado por el señor Jesús A. León Tricoche, y confirmamos la "Orden" recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones