Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Giovanni Agosto Rosa<br><br>Peticionario<br><br>vs.<br><br>Municipio de Guaynabo, Hon. Edward O. O'neill; Lourdes Bernabé Martínez en su carácter personal y la Soc. Legal de Gananciales compuesta con Ramón Vargas; Ramón Vargas en representación de la Soc. Legal de Gananciales compuesta con Lourdes Bernabé; Alpha y Beta aseguradoras; XYZ personas naturales y/o jurídicas que puedan ser responsables<br><br>Recurridos | KLCE202400349 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: GB2022CV00515 (501)<br><br>Sobre: Daños |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de abril de 2024.

Comparece ante nos, el señor Giovanni Agosto Rosa (en adelante, Sr. Agosto Rosa o peticionario), quien presenta recurso de *Certiorari* en el que solicita la revocación de la "Orden" emitida el 21 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró Ha Lugar la "Moción en Reconsideración a Órdenes de Minuta" presentada por la Sra. Lourdes Bernabé Martínez, el señor Ramón Vargas Martínez, y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, matrimonio Bernabé-Vargas o recurridos).

---

[1] Notificada ese mismo día.

Número Identificador

SEN2024 _____

Examinada la solicitud de autos, el "Escrito en Cumplimiento de Resolución", la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 30 de mayo de 2022, el Sr. Agosto Rosa presentó una "Demanda" por discrimen, hostigamiento laboral, represalias y daños y perjuicios contra el Municipio de Guaynabo y el matrimonio Bernabé-Vargas, en su carácter personal. En esencia, alegó que fue víctima de burlas y comentarios despectivos y ofensivos sobre su color, dentro de un ambiente laboral plagado de acoso y hostigamiento sexual. Arguyó que, como consecuencia de este trato hostil, se afectó su salud física, emocional y mental, requiriéndole atenciones médicas frecuentes. Por lo anterior, reclamó la suma de $1,000,000.00, más costas, gastos y honorarios de abogado.

Así las cosas, el 22 de julio de 2022, el matrimonio Bernabé-Vargas presentó una "Moción de Desestimación de la Parte Compareciente en su Carácter Personal" y, en síntesis, argumentó que las leyes laborales bajo las cuales el peticionario instó su reclamo son inaplicables y/o improcedentes. Por ello, solicitó la desestimación de la reclamación presentada en su contra.

El 13 de septiembre de 2022, el Sr. Agosto Rosa presentó su "Oposición a Moción de Desestimación", y esgrimió que: (1) los recurridos se sometieron voluntariamente a la jurisdicción del tribunal; (2) la paralización automática de la Ley PROMESA sólo protege al Estado, y no a personas particulares; y (3) la Sra. Lourdes Bernabé Martínez actuaba con un agente, oficial o supervisor del Municipio de Guaynabo y, como tal, es responsable por sus actos discriminatorios.

Con el propósito de discutir los escritos presentados, el 15 de febrero de 2023,[2] el foro *a quo* celebró vista argumentativa a la cual comparecieron todas las partes.

Con el beneficio de sus argumentos, el 3 de abril de 2023,[3] el Tribunal de Primera Instancia emitió "Sentencia Parcial" en la cual resolvió lo siguiente:

> *[A]ceptando como ciertas todas las alegaciones contenidas en la demanda y considerándolas de la forma más favorable a la parte demandante, este Tribunal determina que el demandante no fracasó en exponer hechos que justifiquen el derecho a obtener un remedio. Las alegaciones discriminatorias contenidas en la demanda crean la posibilidad de una causa de acción al amparo de la Constitución bajo el artículo 1802 del Derogado Código Civil, código vigente al momento de los hechos. En atención, a la Ley de Represalias, Ley Núm. 115 de 20 de diciembre de 1990, supra, es importante destacar que la causa de acción aplicaría únicamente en contra del codemandado, Municipio Autónomo De Guaynabo y no así en contra de los codemandados, Sra. Lourdes Bernabé Martínez, el Sr. Ramón Vargas Martínez y la Sociedad Legal de Bienes Gananciales compuesta por ambos en sus capacidades personales.*
>
> *Es menester señalar que al demandante ser un empleado municipal no le aplica un remedio bajo la Ley contra el discrimen en el empleo, Ley Núm. 100 de 30 de junio de 1959, supra. Asimismo, no es aplicable la Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, Ley 90-2020, supra, ya que todos los hechos alegados en la demanda ocurrieron previo a la aprobación del aludido estatuto y el mismo entró en vigor sin efecto retroactivo. Igualmente, tampoco le es aplicable una causa de acción bajo la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, Ley Núm. 8-2017, supra, debido a que dicha ley excluye expresamente, entre otras agencias del Gobierno e instrumentalidades gubernamentales, a los Municipios de la aplicación de sus disposiciones. Artículo 5, sección 5.2 (8), 3 LPRA sec. 1471a. Por tal razón, este Tribunal desestima la causa de acción bajo las referidas leyes.*
>
> *[…]*
>
> *Por todo ello, y de conformidad con los fundamentos de derecho antes consignados, se dicta Sentencia Parcial, desestimando las causas de acción bajo la Ley contra el discrimen en el empleo, Ley Núm. 100 de 30 de junio de 1959, supra; la Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, Ley 90- 2020, supra y la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, Ley*

---

[2] Véase, "Minuta" notificada el 17 de febrero de 2023.
[3] Notificada el 4 de abril de 2023.

> *Núm. 8-2017, supra, para todos los codemandados. No obstante, se desestima la causa de acción bajo la Ley de Represalias, Ley Núm. 115 de 20 de diciembre de 1990, supra, únicamente en contra de los codemandados, Sra. Lourdes Bernabé Martínez, el Sr. Ramón Vargas Martínez y la Sociedad Legal de Bienes Gananciales compuesta por ambos en sus capacidades personales.*

El Sr. Agosto Rosa no solicitó la reconsideración de este dictamen, y tampoco solicitó su revisión ante este Tribunal de Apelaciones.  Por lo que, habiéndose desestimado toda reclamación presentada contra el matrimonio Bernabé-Vargas, únicamente quedó en el pleito el codemandado Municipio de Guaynabo.

Advenida final y firme la determinación, el 13 de diciembre de 2023, el peticionario presentó una "Moción de Anotación de Rebeldía a Parte Codemandada Lourdes Vargas, Ramón Vargas y a la Sociedad Legal de Gananciales Compuesta por Ambos".  En su escrito, solicitó se le anotase la rebeldía a los recurridos, toda vez que, desde que éstos todavía no habían contestado la "Demanda".

Al día siguiente, entiéndase, el 14 de diciembre de 2023, el matrimonio Bernabé-Vargas presentó "Réplica a Moción de Rebeldía", y manifestó que el pleito presentado en su contra ya había finalizado.  Fundamentó su postura en la "Sentencia Parcial" emitida el 3 de abril de 2023, donde el Tribunal desestimó la reclamación presentada contra los recurridos, en su carácter personal.

Atendidos los escritos de ambas partes, el 19 de diciembre de 2023,[4] el foro primario emitió una "Orden", y declaró No HA Lugar la "Moción de Anotación de Rebeldía a Parte Codemandada Lourdes Vargas, Ramón Vargas y a la Sociedad Legal de Gananciales Compuesta por Ambos" presentada por el peticionario.

---

[4] Notificada el 20 de diciembre de 2023.

Inconforme, el 4 de enero de 2024, el Sr. Agosto Rosa presentó una "Moción de Reconsideración", y reiteró que las reclamaciones por daños y perjuicios aún prevalecen en el reclamo, por lo que procede anotar la rebeldía a los recurridos.

Mediante "Orden" emitida el 14 de febrero de 2024,[5] el foro recurrido declaró Ha Lugar la "Moción de Reconsideración" presentada por el peticionario, en cuanto a que aún persisten reclamaciones por daños y perjuicios contra los recurridos. Sin embargo, declaró No Ha Lugar la solicitud de anotación de rebeldía, y concedió un término para contestar la reclamación.

Insatisfecho, el 21 de febrero de 2024, matrimonio Bernabé-Vargas presentó una "Moción en Reconsideración a Órdenes de Minuta", y recalcó que: (1) los recurridos ya no son parte del pleito; (2) el litigio subsiste única y exclusivamente contra el Municipio de Guaynabo, y (3) habiéndose desestimado cada una de las causas de acción al amparo de las leyes laborales contra los recurridos en su carácter personal, no es posible que subsista en su contra un reclamo por daños.

Mediante "Orden" emitida en igual fecha, o sea, el 21 de febrero de 2024,[6] el Tribunal de Primera Instancia declaró Ha Lugar la "Moción en Reconsideración a Órdenes de Minuta" presentada por el matrimonio Bernabé-Vargas. Así, dejó sin efecto la "Orden" emitida el 14 de febrero de 2024.[7]

En descontento, el Sr. Agosto Rosa recurre ante esta segunda instancia judicial, y señala la comisión del siguiente error:

> *Erró el TPI al declarar "Con Lugar" una solicitud de reconsideración sobre un hecho adjudicado en una Sentencia Parcial. La referida solicitud de reconsideración fue radicada por la parte codemandada y recurrida, ante el Tribunal a quo, con más de doscientos (200) días de retraso.*

---

[5] Notificada el 15 de febrero de 2024.
[6] Notificada ese mismo día.
[7] Notificada el 15 de febrero de 2024.

**II.**

Es doctrina reiterada que "[l]os derechos y obligaciones adjudicadas en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso". *In re Tormos Blandino*, 135 DPR 573, 578 (1994). Por lo que, como norma general, aquellos derechos y responsabilidades que hayan sido adjudicados están impedidos de reexaminarse, pues éstos gozan de finalidad y firmeza. *Mgmt. Adm. Servs. Corp. v. E. L. A.*, 152 DPR 599, 606-607 (2000). De esta forma, se cumplen los siguientes propósitos: (1) se garantiza la sana práctica de que el juzgador no alterare sus pronunciamientos dentro de un mismo caso, (2) promueve el trámite ordenado y expedito de los litigios, y (3) asegura que las partes puedan proceder sobre unas directrices confiables y certeras. *Berkan et al. v. Mead Johnson Nutrition*, 204 DPR 183, 200-201 (2020).

El criterio esencial para que pueda invocarse esta doctrina es que la decisión sea final. De ser así, tanto el juez como las partes quedan sujetas a las órdenes previas que se han efectuado durante el transcurso del pleito. *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005). Ahora bien, este mandato no es inflexible ni absoluto, pues, a modo de excepción, si la ley del caso es errónea y puede causar una gran injusticia, el tribunal puede emplear una norma de derecho distinta. *Íd.*, a la pág. 844. Por lo que, en estas circunstancias, la decisión puede ser descartada con el fin de resolver en forma justa. *Don Quixote Hotel v. Tribunal Superior*, 100 DPR 19, 29-30 (1971).

**III.**

Según revela el tracto procesal discutido, el 21 de febrero de 2024,[8] el Tribunal de Primera Instancia emitió una "Orden", y declaró Ha Lugar la petición de reconsideración presentada por el

---

[8] Notificada ese mismo día.

matrimonio Bernabé-Vargas.  Razonó que, en efecto, ya se había desestimado la causa de acción contra los recurridos, incluyendo aquella por daños y perjuicios.  Fundamentó su determinación en la "Sentencia Parcial" emitida el 3 de abril de 2023.[9]

En su escrito, el Sr. Agosto Rosa argumenta que "el TPI no desestimó la causa de acción por daños y perjuicios" contra los recurridos,[10] y que éstos no apelaron dicha determinación dentro del término provisto en ley.  Por ende, entiende que la no desestimación de la causa de acción de daños y perjuicios es final y no puede revocarse.  No tiene razón.

Como ya discutimos, el 3 de abril de 2023,[11] el Tribunal de Primera Instancia emitió una "Sentencia Parcial", y resolvió lo siguiente:

> [A]ceptando como ciertas todas las alegaciones contenidas en la demanda y considerándolas de la forma más favorable a la parte demandante, este Tribunal determina que el demandante no fracasó en exponer hechos que justifiquen el derecho a obtener un remedio. Las alegaciones discriminatorias contenidas en la demanda crean la posibilidad de una causa de acción al amparo de la Constitución bajo el artículo 1802 del Derogado Código Civil, código vigente al momento de los hechos. <u>En atención, a la Ley de Represalias, Ley Núm. 115 de 20 de diciembre de 1990, supra, es importante destacar que la causa de acción aplicaría únicamente en contra del codemandado, Municipio Autónomo De Guaynabo y no así en contra de los codemandados, Sra. Lourdes Bernabé Martínez, el Sr. Ramón Vargas Martínez y la Sociedad Legal de Bienes Gananciales compuesta por ambos en sus capacidades personales</u>.
>
> Es menester señalar que al demandante ser un empleado municipal no le aplica un remedio bajo la Ley contra el discrimen en el empleo, Ley Núm. 100 de 30 de junio de 1959, supra. Asimismo, no es aplicable la Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, Ley 90-2020, supra, ya que todos los hechos alegados en la demanda ocurrieron previo a la aprobación del aludido estatuto y el mismo entró en vigor sin efecto retroactivo. Igualmente, tampoco le es aplicable una causa de acción bajo la Ley para la Administración y Transformación de los Recursos Humanos en el

---

[9] Notificada el 4 de abril de 2023.
[10] Véase, recurso a la pág. 6.
[11] Notificada el 4 de abril de 2023.

*Gobierno de Puerto Rico, Ley Núm. 8-2017, supra, debido a que dicha ley excluye expresamente, entre otras agencias del Gobierno e instrumentalidades gubernamentales, a los Municipios de la aplicación de sus disposiciones. Artículo 5, sección 5.2 (8), 3 LPRA sec. 1471a. Por tal razón, este Tribunal desestima la causa de acción bajo las referidas leyes.*

[…]

*Por todo ello, y de conformidad con los fundamentos de derecho antes consignados, se dicta Sentencia Parcial, desestimando las causas de acción bajo la Ley contra el discrimen en el empleo, Ley Núm. 100 de 30 de junio de 1959, supra; la Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, Ley 90-2020, supra y la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, Ley Núm. 8-2017, supra, <u>para todos los codemandados</u>. No obstante, se desestima la causa de acción bajo la Ley de Represalias, Ley Núm. 115 de 20 de diciembre de 1990, supra, <u>únicamente en contra de los codemandados, Sra. Lourdes Bernabé Martínez, el Sr. Ramón Vargas Martínez y la Sociedad Legal de Bienes Gananciales compuesta por ambos en sus capacidades personales</u>.*

(Énfasis nuestro).

Como puede observarse, **el foro primario desestimó todas las causas de acción presentadas contra el matrimonio Bernabé-Vargas**, **incluyendo aquella por daños y perjuicios**. Ello resulta evidente cuando, posteriormente, el peticionario solicita se anote la rebeldía a los recurridos **y la misma jueza que emitió la "Sentencia Parcial"** declara No Ha Lugar la anotación de rebeldía, porque "[l]**a Sentencia Parcial de 4 de abril de 2024 desestima el caso con relación a la Sra. Lourdes Bernabé Martínez, el Sr. Vargas y la SLG**". (Énfasis suplido).

**El Sr. Agosto Rosa no solicitó la reconsideración de la "Sentencia Parcial"**, **y tampoco solicitó su revisión ante este Tribunal de Apelaciones**. **Por ende**, **el dictamen advino final y firme**.

Cónsono con el derecho discutido en el acápite anterior, los derechos y responsabilidades que hayan sido adjudicados están impedidos de reexaminarse, pues éstos gozan de finalidad y

firmeza. Esto implica que, tanto el juez como las partes quedan sujetas a las órdenes previas que se han efectuado durante el transcurso del pleito. A modo de excepción, si la ley del caso es errónea o puede causar una gran injusticia, el tribunal puede emplear una norma de derecho distinta. Empero, ésta no es la situación ante nos. Por el contrario, concluimos que la ley del caso es correcta y no causa la más mínima injusticia.

**En resumen**, **la desestimación de la reclamación contra el matrimonio Bernabé-Vargas**, **incluyendo la causa por daños y perjuicios**, **es un asunto que ya fue evaluado y resuelto**. **Por gozar de finalidad y firmeza**, **constituye ley del caso y estamos impedidos de reexaminarlo**. De esta forma, actuó correctamente el foro *a quo* al declarar Ha Lugar la "Moción en Reconsideración a Órdenes de Minuta" presentada por los recurridos, y dejar sin efecto la "Orden" emitida el 14 de febrero de 2024.[12]

### IV.

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* solicitado por el señor Giovanni Agosto Rosa, y confirmamos la "Orden" recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] Notificada el 15 de febrero de 2024.