ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EFRÓN, DAVID<br><br>Parte Recurrida<br><br>v.<br><br>BRIGHTON DORADO GROUP, INC.; Y OTROS<br><br>Parte Peticionaria | KLCE202401322 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D DP2005-0297<br><br>Sala:501<br><br>Sobre:<br>Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Monge Gómez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de enero de 2025.

Compareció ante este Tribunal la parte peticionaria, Brighton Dorado Group, Inc., Brighton Country Club at Dorado, Inc., y Brighton Homes Caribbean, Inc., (en adelante, "Peticionarios" o "Brighton"), mediante recurso de *Certiorari* presentado el 9 de diciembre de 2024. Nos solicitó la revocación de las *Órdenes* emitidas por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"), el 15 de octubre de 2024 y notificadas el 17 y 24 de octubre de 2024, respectivamente. En los referidos dictámenes, el foro primario dio por cumplida la *Orden* que emitió contra el Sr. David Efrón (en adelante, "Recurrido" o el "señor Efrón") sobre el pago total de sanciones. A su vez, declaró "No Ha Lugar" la solicitud de Brighton para que se ordenara al señor Efrón a pagar de forma parcial las costas reclamadas. En cambio, ordenó a los Peticionarios a cumplir con lo dispuesto en la Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, R. 51, para el cobro de lo adeudado.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* ante nuestra consideración y *revocamos* las *Órdenes* recurridas.

Número Identificador
SEN2025_____

**I.**

Los hechos que originan la controversia que tenemos ante nuestra consideración surgen tras la presentación de una "**Demanda**" por daños y perjuicios, sentencia declaratoria e *injunction* por parte del Recurrido en contra de Brighton en el año 2005. Luego de un extenso trámite litigioso, el 7 de diciembre de 2016, el foro de instancia emitió una *Sentencia Sumaria Parcial* que desestimó la "**Demanda**" respecto a los Peticionarios.[1] Ante este resultado, Brighton sometió un "**Memorando de Costas y Gastos**", al amparo de la Regla 44.1(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(a).[2] Mediante *Resolución*, el TPI autorizó el "**Memorando de Costas y Gastos**" por la cantidad de ochenta y nueve mil, seiscientos cincuenta y cuatro dólares con ochenta y dos centavos ($89,654.82).[3]

Por su parte, el Recurrido apeló la *Sentencia Sumaria Parcial* ante este Tribunal intermedio que, posteriormente, revocó la decisión.[4] Insatisfecho, Brighton recurrió ante el Tribunal Supremo de Puerto Rico (en adelante, TSPR), que revocó al panel hermano y reinstaló el dictamen original.[5] Luego de emitirse el correspondiente mandato, la *Sentencia Sumaria Parcial* advino final y firme.[6]

De conformidad, Brighton solicitó la ejecución de las costas concedidas a tenor con la Regla 51.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.2.[7] El Recurrido se opuso a la petición de Brighton.[8] El 30 de junio de 2021, el TPI notificó una *Orden de Ejecución de Resolución Otorgando Costas y Gastos*, en la que declaró "Ha Lugar" la petición de ejecución de Brighton y "No Ha Lugar" la oposición presentada por el señor Efrón.[9]

En desacuerdo con lo resuelto, el Recurrido presentó una "**Solicitud de Reconsideración**",[10] mientras que los Peticionarios sometieron su oposición.[11] Examinadas las posiciones de las partes, el TPI reiteró su

---

[1] *Véase*, Apéndice del recurso de *Certiorari*, pág. 36.
[2] Íd., pág. 16.
[3] Íd.
[4] *Véase*, caso KLAN201701125.
[5] *Véase*, caso CC-18-0174.
[6] *Véase*, Apéndice del recurso de *Certiorari*, pág. 16.
[7] Íd., págs. 16-18.
[8] Íd., págs. 23-28.
[9] Íd., págs. 36-39.
[10] Íd., págs. 42-50.
[11] Íd., págs. 51-55.

determinación y le advirtió al Recurrido que "de continuar presentando mociones frívolas y temerarias, se impondr[ía]n sanciones".[12] De esta decisión, el señor Efrón recurrió ante este foro intermedio que denegó la expedición del auto solicitado.[13] Inconforme, el señor Efrón presentó un recurso de *certiorari* ante el TSPR, que también denegó la expedición del auto de *certiorari* presentado.[14] Emitido el correspondiente mandato, la *Orden de Ejecución de Resolución Otorgando Costas y Gastos* advino final y firme.

El 13 de junio de 2022, los Peticionarios solicitaron la activación del proceso de ejecución.[15] En consecuencia, el 24 de junio de 2022, el tribunal primario notificó una *Orden* en la que autorizó la continuación de los procedimientos post sentencia.[16] De conformidad, Brighton presentó los señalamientos de bienes correspondientes y los requerimientos de embargo. Sin embargo, los trámites resultaron infructuosos, debido a que el señor Efrón no tenía cuenta en ninguna de las instituciones financieras a las que se les dirigió los mandamientos de embargo. Tampoco el Bufete Law Offices of David Efrón hizo depósito alguno correspondiente al salario del Recurrido.

A la luz de lo anterior, los Peticionarios presentaron una "**Solicitud de Orden para Compeler al Demandante a Consignar las Costas Adeudadas o, en la alternativa, d[é] permiso para llevar a cabo descubrimiento en cuanto a bienes del Demandante**".[17] Solicitaron la consignación en el Tribunal del total de las costas o, en la alternativa, que se les permitiera llevar a cabo un descubrimiento de prueba sobre los bienes del Recurrido. Atendida la petición, el TPI le dio un término de quince (15) días al Recurrido para que presentara su posición, "so pena de citar a vista de desacato por incumplimiento con la Resolución de Ejecución sobre el pago de costas".[18] En cumplimiento con lo ordenado, el señor Efrón

---

[12] Íd., pág. 56.
[13] *Véase*, caso KLCE202101203.
[14] *Véase*, Apéndice del recurso de *Certiorari*, pág. 64.
[15] Íd., págs. 67-68.
[16] Íd., págs. 77-78.
[17] Íd., págs. 114-116.
[18] Íd., pág. 117.

compareció mediante moción en la que sostuvo que no estaba en posición de satisfacer la orden de ejecución, por lo que se allanaba a la solicitud de Brighton.[19] Por su parte, Brighton se opuso. Sostuvo que al no existir prueba de que el señor Efrón carecía de bienes para satisfacer las costas adeudadas, no procedía recurrir al remedio alternativo de descubrimiento de prueba.[20]

Atendidos los planteamientos de las partes, el 9 de diciembre de 2022, el TPI notificó una *Orden* en la que permitió que se llevara a cabo un descubrimiento de prueba respecto a los bienes del señor Efrón.[21] Así pues, le fueron cursados una serie de pliegos de interrogatorios y requerimientos de admisiones a dicha parte. El 7 de junio de 2023, Brighton presentó "**Moción Reiterando Solicitud de que se le Ordene al Demandante a Consignar las Costas Adeudadas o, en la Alternativa, que se le Ordene al Patrono del Demandante a Hacer Pagos a *Pro Rata***".[22] Alegó que el Recurrido: (1) admitió poseer una propiedad, automóviles y muebles en el estado de la Florida, (2) devengaba un salario mensual de $5,000.00, (3) recibía dinero para gastos de representación, (4) y no había demostrado carecer de capacidad para satisfacer la suma adeudada.

En su "**Oposición**", radicada el 15 de junio de 2023, el señor Efrón argumentó que, según la *Resolución* emitida por el foro primario el 22 de diciembre de 2016, en el caso núm. KDI1999-1421, <u>Madeline Candelario del Moral v. David Efron</u>, un 25% de su salario fue embargado y el 75% restante era necesario para su sustento.[23] **Nada expresó sobre la inexistencia de otros bienes o activos sujetos a la ejecución de las costas y se limitó a alegar que el "restante de su salario" era el necesario para su sustento y el de su familia**.

El 3 de agosto de 2023, Brighton radicó su "**Réplica en Cumplimiento de Orden**".[24] Entre otros asuntos, señaló que existía una opinión judicial publicada por el Tribunal del Distrito de los Estados Unidos

---

[19] Íd., págs. 120-122.
[20] Íd., págs. 125-126.
[21] Íd., págs. 133-134.
[22] Íd., págs. 150-154.
[23] Íd., págs. 155-158.
[24] Íd., págs. 161-163.

para el Distrito de Puerto Rico en el caso <u>Candelario de Moral v. UBS Financial Services</u>, 691 F. Supp.2d 291, 294 (DPR 2010), de la cual se desprendía que la Sociedad Legal de Bienes Gananciales que el señor Efrón tenía con su excónyuge estaba valorada en 70 millones de dólares. Oportunamente, el 21 de agosto de 2023, el Recurrido presentó su "**Dúplica**" e indicó que Brighton no había identificado los alegados activos ni solicitado el embargo de los bienes, según la Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.[25]

Finalmente, el 28 de septiembre de 2023, el TPI emitió una *Orden* en la cual esbozó que no existía razón alguna para que el señor Efrón continuara incumpliendo con su obligación de pagar las costas, ya que poseía diversos bienes y fuentes de ingresos adicionales a su salario. A su vez, ordenó al Peticionario a consignar la suma principal de $89,654.82 y los intereses que, al 6 de mayo de 2021, ascendían a $10,217.20 y que continuaban acumulándose a razón de $6.23 por día. Además, señaló que el incumplimiento con esta *Orden* conllevaría la imposición de una sanción diaria de $100.00 por cada día de incumplimiento.[26]

Inconforme con lo anteriormente resuelto, el señor Efrón presentó una "**Solicitud de Reconsideración**"[27], que posteriormente fue declarada "No Ha Lugar" mediante *Orden* notificada el 14 de noviembre de 2023.[28]

Insatisfecho, el Recurrido acudió nuevamente ante este Tribunal de Apelaciones mediante petición de *certiorari*.[29] Cuestionó la decisión del foro primario, notificada el 29 de septiembre de 2023, e impugnó la imposición de una sanción diaria por la suma de cien dólares ($100.00) en un término final y perentorio de 30 días. Por último, solicitó la revocación de dicha *Orden*. Este Tribunal intermedio denegó la expedición del auto solicitado. De dicha determinación, el señor Efrón acudió mediante apelación al TSPR, que acogió el recurso como un *certiorari* y proveyó "No Ha Lugar" a la expedición del auto.

---

[25] <u>Íd</u>., págs. 178-181.
[26] <u>Íd</u>., págs. 182-184.
[27] <u>Íd</u>., págs. 185-192.
[28] <u>Íd</u>., págs. 203-204.
[29] <u>Íd</u>., págs. 205-213.

Remitido el correspondiente mandato, el 8 de mayo de 2024, Brighton presentó una "**Moción en Solicitud de que se Inicie Imposición de Sanciones Diarias por Incumplimiento con Orden**", mediante la cual solicitó se iniciara la imposición diaria de cien dólares ($100.00) como sanción, hasta tanto el señor Efrón cumpliera con el pago de las costas adeudadas.[30] Atendida la solicitud, el TPI decretó "Ha Lugar" dicha petición.[31] El Recurrido no cuestionó la decisión, ni acudió en alzada.

A petición de Brighton, el 3 de julio de 2024, el foro de instancia ordenó al señor Efrón a cumplir con el pago de las costas adeudadas a los Peticionarios y el correspondiente depósito total de las sanciones impuestas desde el 20 de mayo de 2024, a razón de cien dólares ($100.00) diarios, dentro del término final de diez (10) días "so pena de encontrarlo incurso en desacato".[32] De esta determinación, el Recurrido solicitó reconsideración.[33] El TPI denegó su solicitud[34] y, posteriormente, señaló una vista de desacato contra el señor Efrón.[35]

Previo a la celebración de la vista señalada, el señor Efrón presentó una moción para consignar la cantidad de tres mil quinientos dólares ($3,500.00), como pago parcial de las sanciones impuestas.[36] Mediante *Orden* notificada el 30 de agosto de 2024, el tribunal primario dejó sin efecto la vista de desacato y le concedió al Recurrido un término de cuarenta y cinco (45) días para completar el pago de las sanciones. Además, tomó conocimiento del pago parcial.[37] De conformidad, el 2 de octubre de 2024, el señor Efrón consignó nueve mil novecientos dólares ($9,900.00), como pago total de las sanciones impuestas.[38] El 17 de octubre de 2024, el foro *a quo* dio por cumplido el pago de las sanciones impuestas en su totalidad.[39]

Por su parte, Brighton sometió una "**Moción en Torno a 'Moción en Cumplimiento de Orden…'**", en la que informó que todavía el señor Efrón

---

[30] Íd., pág. 215.
[31] Íd., págs. 217-218.
[32] Íd., págs. 221-223.
[33] Íd., págs. 224-227.
[34] Íd., págs. 228-229.
[35] Íd., págs. 232-233.
[36] Íd., págs. 234-236.
[37] Íd., págs. 241-243.
[38] Íd., págs. 244-246.
[39] Íd., págs. 262-263.

no había cumplido con la *Orden* del 28 de septiembre de 2023, en cuanto al pago de las costas adeudadas, por lo que sostuvo que la obligación de pagar las sanciones diarias subsistía hasta que se cumpliera con el pago de las costas. Por ende, solicitó que se señalara nuevamente la vista de desacato. En la alternativa, requirió que las sumas consignadas en pago de sanciones se acreditaran al pago de las costas adeudadas y se le ordenara al señor Efrón la consignación de las costas mediante pagos parciales.[40]

El Recurrido se opuso a la petición de Brighton, mediante "**Moción en Oposición y Solicitando Remedio**". Adujo que la solicitud de los Peticionarios era contraria a lo dispuesto en la Regla 44.2 de Procedimiento Civil, 32 LPRA Ap. R. 44.2. A su vez, sostuvo que la nueva posición de Brighton es un reconocimiento de que el señor Efrón no poseía liquidez para satisfacer su acreencia. También, aseveró que todavía los Peticionarios no habían presentado prueba que demostrara que tenía liquidez para satisfacer las costas ordenadas. Por consiguiente, solicitó que se le relevara del pago de sanciones adicionales y se ordenara a Brighton a cobrar su acreencia mediante los mecanismos de ejecución, conforme a las Reglas de Procedimiento Civil.[41] Brighton se opuso a lo alegado por el Recurrido. Afirmó que no existía cambio de postura alguno y que su solicitud de pago parcial de las costas es un esfuerzo de buena fe para finiquitar el pleito.[42]

El foro de instancia decretó "No Ha Lugar" la petición de Brighton y le ordenó a cumplir con la Regla 51 de Procedimiento Civil, *supra*, "para el cobro de las costas impuestas mediante sentencia".[43] A su vez, declaró "Ha Lugar" la "**Moción en Oposición y Solicitando Remedio**" que sometió el Recurrido y "No Ha Lugar" la oposición presentada por los Peticionarios.[44]

Inconforme con lo resuelto, los Peticionarios acudieron ante este Tribunal intermedio mediante el recurso de epígrafe en el que señalaron los siguientes errores:

> **Primer Error**: Erró el TPI cuando, contrario a la doctrina de la ley del caso, emitió órdenes directamente contrarias a

---

[40] Íd., págs. 248-251.
[41] Íd., págs. 252-258.
[42] Íd., págs. 259-261.
[43] Íd., págs. 264-265.
[44] Íd., págs. 266-269.

múltiples órdenes anteriores que, además de ser finales y firmes, guiaron por años la etapa post-sentencia de este caso.

**Segundo error**: Presumiendo, para efectos argumentativos, que no fuera de aplicación la doctrina de la ley del caso, erró el TPI al emitir órdenes inconsistentes con las sanciones impuestas al licenciado Efron y con el trámite post-sentencia del presente caso.

El 3 de enero de 2025, compareció el señor Efrón mediante "**Oposición a Petición de *Certiorari* y Solicitud de Desestimación por falta de perfeccionamiento de la Petición**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR ___ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayón, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. S.L.G. Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

Es norma reiterada en nuestro acervo jurídico que "los derechos y obligaciones adjudicadas en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso". MGMT. Adm. Servs. Corp. v. E.L.A., 152 DPR 599, 606 (2000) (citando a *In re*: Tormos Blandino, 135 DPR 573 (1994)).

Esta doctrina, más que constituir un mandato inflexible, recoge la costumbre deseable de respetar como finales aquellas controversias sometidas, litigadas y decididas por un tribunal dentro de un caso. Sociedad Legal de Gananciales v. Pauneto, 130 DPR 749, 754 (1992). Ello aplica

tanto a las controversias adjudicadas por tribunales de primera instancia como por tribunales apelativos. Berkan *et al.* v. Mead Johnson Nutrition, 204 DPR 183, 201 (2020). Es decir, los tribunales buscan evitar reexaminar asuntos que hayan sido considerados por cualquiera de los foros dentro de un mismo caso para velar por el trámite ordenado y expedito de los litigios, así como promover la estabilidad y certeza del derecho. Íd., págs. 200-201.

No obstante, esta doctrina procede, solamente, cuando exista una decisión final de la controversia en sus méritos. Cacho Pérez v. Hatton Gotay y otros, 195 DPR 1, 10 (2016). Por consiguiente, las controversias previamente dirimidas y adjudicadas por el foro primario o por un tribunal apelativo no pueden reexaminarse. Íd., pág. 9. Es decir, dichos asuntos no pueden reevaluarse, pasado el periodo provisto para la reconsideración y para la revisión, **a menos que las determinaciones previas sean erróneas o puedan causar una grave injusticia**. *In re* Fernández Díaz, 172 DPR 38, 43-44 (2007).

El Tribunal Supremo ha dicho que los Tribunales de Primera Instancia "deben realizar el esfuerzo máximo posible por evitar la emisión de dictámenes contradictorios e inconsistentes". Núñez Borges v. Pauneto Rivera, 130 DPR 749, 755 (1992). Así, se garantiza un trámite ordenado de los litigios, y la estabilidad y la certeza de los derechos y obligaciones de las partes. En resumen, las órdenes y resoluciones emitidas por un tribunal, mediante las cuales resuelve en los méritos el asunto traído a su atención, se consideran finales y firmes, convirtiéndolos en la ley del caso, una vez haya transcurrido el periodo provisto para la reconsideración y para la revisión por un tribunal de mayor jerarquía, sin que éstas sean modificadas o revocadas.

**III.**

Para los Peticionarios, las *Órdenes* recurridas están reñidas con las decisiones previas emitidas por el foro de instancia, que ordenan al señor Efrón a cumplir con el pago de las costas adeudadas. Sostienen que la primera de estas determinaciones que constituyen la ley del caso, emitida el 28 de septiembre de 2023, fue objeto de revisión por los foros apelativos

y posteriormente confirmada, por lo que advino final y firme. A su vez, expresaron que el 3 de julio de 2024, el TPI nuevamente ordenó al señor Efrón a pagar las costas adeudadas, además del pago de sanciones por su incumplimiento. Decisión que se reiteró después que denegara una solicitud de reconsideración que presentó el Recurrido. Por ello, sostienen que el TPI tenía que proceder conforme a dichas determinaciones de acuerdo con la doctrina de la ley del caso.

Por su parte, el señor Efrón se limitó a argumentar que el foro de instancia actuó correctamente al requerirle a Brighton reiniciar el proceso de ejecución de sentencia, pues ello asegura un proceso justo y equitativo para ambas partes. Igualmente, sostuvo que procedía la desestimación del recurso, pues los Peticionarios fallaron en incluir un apéndice completo, pues se obviaron las comparecencias que discutían su posición respecto a las *Órdenes* recurridas.

Atendemos de antemano, el planteamiento jurisdiccional esbozado por el Recurrido. El mismo está cimentado en que, presuntamente, Brighton no incluyó en el apéndice de su recurso los documentos en los que el señor Efrón expuso su postura sobre las controversias que fueron adjudicadas por el TPI por medio de las *Órdenes* recurridas.

A poco que examinemos el expediente ante nos, podemos constatar que sí se incluyeron los documentos necesarios para adjudicar las controversias ante nos, incluyendo las mociones en las que el señor Efrón incorporó sus planteamientos de derecho en torno a lo adjudicado por el foro de instancia mediante los dictámenes que aquí se impugnan. Por tanto, concluimos que no procede la desestimación del recurso.

En lo concerniente a los méritos del recurso, de una revisión concienzuda de los hechos procesales relevantes en el caso de marras nos mueve a expedir el auto solicitado y revocar las *Órdenes* cuestionadas, por ser contrarias a las determinaciones previas emitidas por el TPI durante el proceso post sentencia del caso y que fueron revisadas por este Tribunal de Apelaciones en el caso núm. KLCE202301426 y posteriormente, por el Tribunal Supremo de Puerto Rico. **Nótese que, en dichas instancias**

**apelativas, tuvimos ante nuestra consideración la determinación del foro *a quo* para que el Recurrido procediera con el pago de las costas impuestas mediante *Sentencia Sumaria Parcial* emitida desde hace más de ocho (8) años, luego de que se llevara a cabo el procedimiento de ejecución, conforme la Regla 51 de Procedimiento Civil, *supra*. <u>Es decir, tal y como lo plantea Brighton, el dictamen relativo a que procede el pago de las costas por parte del señor Efrón constituye la ley del presente caso</u>. De hecho, dicho dictamen fue efectuado habiéndose activado el procedimiento de ejecución de la *Sentencia* dictada en el caso y tras un descubrimiento de prueba efectuado por parte de Brighton a esos fines**. Igualmente, del expediente de autos no surge, ni se ha tan siquiera planteado que los decretos anteriores fueron erróneos o hayan causado una grave injusticia. <u>*In re* Fernández Díaz</u>, *supra*. Todo lo opuesto, del tracto procesal se desprende que, **por más de cuatro (4) años**, los Peticionarios han intentado recobrar las costas concedidas por el TPI mediante dictámenes que ya son finales y firmes.

Ordenar a Brighton a cumplir nuevamente con el proceso de ejecución que dispone la Regla 51 de Procedimiento Civil, *supra*, **es retroceder en los trámites post sentencia que fueron adjudicados, ejecutados y dirimidos por <u>todas las instancias judiciales disponibles</u>**. El hecho que el señor Efrón haya cumplido con el pago de las sanciones impuestas no tiene el efecto de eximir del pago de las costas ordenado por el TPI en su dictamen del 28 de septiembre de 2023, que advino final y firme y que constituye la ley del caso. <u>Cacho Pérez v. Hatton Gotay y otros</u>, *supra*. Nada del expediente nos mueve a cambiar dicho proceder, pues no se cumplen con las circunstancias excepcionales que establece nuestro ordenamiento jurídico para revertir lo que es la ley del presente caso.

Por consiguiente, procede reinstalar la ley del caso y revocar las *Órdenes* emitidas el 17 y 24 de octubre de 2024, para que el TPI proceda conforme a los dictámenes del 28 de septiembre de 2023 y el 3 de julio de 2024, los cuales, al día de hoy advinieron finales y firmes. Ello, a los fines

de que se continúe con la imposición de sanciones diarias hasta tanto el señor Efrón proceda con el pago total de las costas adeudadas a Brighton.

Debido al resultado alcanzado, es innecesario entrar a dirimir el segundo error señalado.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *expide* el auto de *certiorari* y se *revoca*n las *Órdenes* emitidas el 17 y 24 de octubre de 2024, respectivamente.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones